## 16

535 P.2d 44

**Robert ROYAL, Petitioner,**

v.

**Sherry KENNEDY, the Registrar of Wills for the Superior Court of the State of Arizona, In and for the County of Pima, Respondent.**

**No. 2 CA–CIV 1881.**

Court of Appeals of Arizona, Division 2.

May 14, 1975.

Royal & Murray, by Robert A. Royal, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty., by Rose S. Silver, Chief Civ. Deputy County Atty., and John R. Neubauer, Civ. Deputy County Atty., Tucson, for respondent.

## OPINION

HOWARD, Chief Judge.

The respondent Registrar of Wills refused to appoint petitioner as successor personal representative pursuant to his application for informal appointment. The sole quesion presented for our consideration is whether the Registrar's interpretation of A.R.S. § 14–3301(A)(3) was correct. Although we conclude that the respondent Registrar did not err in declining petitioner's application, we deem it appropriate to issue a formal opinion since the matter is of statewide concern to bench and bar.

Briefly, the events preceding this special action are as follows. Mrs. Gass died on January 14, 1975, and her will was admitted to informal probate on February 11, 1975, in the superior court of Pima County. Her will nominated her husband as personal representative and petitioner as successor personal representative. Mr. Gass qualified and was duly appointed on February 11 but subsequently died on April 8, 1975. Petitioner filed an application for informal appointment of successor personal representative on April 17, 1975, and on April 28 the respondent Registrar entered an order which declined the application and stated: "This declination is not an adjudication and does not preclude formal appointment proceedings."

In his petition, filed in this court, petitioner alleges that the Registrar verbally informed him that although he was qualified to act as personal representative in accordance with A.R.S. § 14–3203, he was not qualified to sign the application for appointment. This allegation is admitted by the responsive pleading.

A.R.S. § 14–3301(A) provides:

"A. Informal probate or informal appointment may be made only by application of one of the following:

1. The surviving spouse of the decedent.

2. An adult child of the decedent.

3. A person nominated as a personal representative by a probated will or the

will for which probate is asked or pursu-. ant to a power conferred by the will if appointment of that person is asked by the application and the person is a national banking association, a holder of a banking permit under the laws of this state, or a title insurance company which is qualified to do business under the laws of this state or a trust company holding a certificate to engage in trust business from the state superintendent of banks.

4. All of the heirs, who either join in the application or consent to the appointment by a separate writing filed with the court.

5. If the decedent was a nonresident, any person who is qualified under paragraphs 1 through 4 of this subsection or a personal representative appointed in the state of domicile or the dominee [sic] of such personal representative."

Petitioner contends that since he was nominated as personal representative by a probated will, he was ipso facto entitled to apply for informal appointment and that the requirement of being a corporate fiduciary applied only to a personal representative nominated pursuant to a power conferred by the will. We believe the language of A.R.S. § 14-3301(A)(3) is clear and unambiguous, contrary to petitioner's contention. The first portion designates the "person" who may apply, namely the executor named by will or nominated pursuant to a power conferred by the will. The proviso as to being a corporate fiduciary applies to either category. Although petitioner was named as successor personal representative under the will, he is not a corporate fiduciary and therefore could not apply for informal appointment.

Professor Richard W. Effland, Arizona State University College of Law, served as reporter for the Arizona Legislative Council Committee which drafted the Arizona Probate Code. In the Arizona Probate Code Practice Manual, prepared by Professor Effland in 1973 for the State Bar of Arizona, he states:

"The Arizona Code, unlike the UPC, places a restriction on who may apply for informal probate or informal appointment. ARS 14-3301 permits application only by one of the following:

(1) the surviving spouse of the decedent,

(2) an adult child,

(3) a corporate fiduciary named as executor under the will, or

(4) all of the heirs." pp. 5-8.

Under the new Probate Code an executor has priority for appointment. A.R.S. § 14-3203(A)(1). Thus we see that if informal appointment of an individual as executor who is neither a spouse or adult child of a decedent were allowed, a situation could arise where, if the entire estate was left to an outsider, there might be no advance notice to persons who would normally be heirs. It is exactly such a pitfall that the legislature intended to avoid. However, by allowing a corporate fiduciary to apply for informal appointment, the legislature apparently concluded that a banking institution, title insurance company or a trust company could be entrusted with the assets of the estate despite its status as a stranger to the estate.

We agree with respondent that petitioner cannot himself make the application for his informal appointment. The application for his informal appointment may be made only by the individuals designated in A.R.S. § 14-3301(A) or he can petition the court for formal appointment. Since each proceeding in unsupervised administration is independent of any other proceeding, A.R.S. § 14-3107, requiring petitioner to seek formal appointment does not mean all subsequent proceedings must be formal.

Since the respondent's refusal of informal appointment was correct the relief requested by petitioner is denied.

HATHAWAY and KRUCKER, JJ., concurring.